COMMONWEALTH OF KENTUCKY
SCOTT COUNTY CIRCUIT COURT
CASE NO. 12-CI-248

FILED
MAR 29 2012
KAREN BOEHM, CLERK
SCOTT CIRCUIT COURT

**GREG REEVES**      **PLAINTIFF**

v.

**CITY OF GEORGETOWN, KENTUCKY**      **DEFENDANTS**
SERVE: Everette Varney, Mayor of
The City of Georgetown

AND

**EVERETTE VARNEY,**
**Individually, and in his official capacity**
**as Mayor, City of Georgetown, Kentucky**

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. The allegations contained herein occurred in Scott County, Kentucky.

2. That the Plaintiff, Greg Reeves, was at all times mentioned herein, a resident of Scott County, Kentucky, and the police chief of the City of Georgetown, Kentucky.

3. That the Defendant, the City of Georgetown Kentucky, is a City of the fourth class, and derives its authority from the Commonwealth of Kentucky pursuant to K.R.S. 83A.130, and therefore, at all times relevant hereto, was acting under the color of state law for the purposes of 42 U.S.C. § 1983.

4. That Defendant, Everette Varney, Mayor of the City of Georgetown, derives his authority from the Commonwealth of Kentucky pursuant to K.R.S. 83A.130 and

therefore, at all times relevant hereto, was acting under the color of state law for the purposes of 42 U.S.C. § 1983.

## FACTS

5.  Plaintiff Reeves was hired as a Georgetown police officer in 1983, and became the police chief in March, 2004.

6.  On February 2, 2012, Plaintiff Reeves was called to a meeting with Defendant Varney where he was given a piece of paper entitled "Separation meeting with Greg Reeves" and was then informed that he was being terminated.

7.  On February 3, 2012, Plaintiff Reeves was notified by official letter from the City of Georgetown Director of Human Resources that his employment with the City was terminated on February 2, 2012.

8.  Pursuant to authority derived under State Statute, the City of Georgetown had passed an Ordinance that provides that the position of police chief can only be terminated for cause.

9.  Chapter 2, Article V, Division 3, Section 2-147 of the Georgetown code, states that the police chief "is appointed by the Mayor with approval of the city council and is subject to removal at any time for cause by the city council."

10. Plaintiff Reeves was given no "cause" for his termination which was not authorized by City Council.

## COUNT I
### 1983 Due Process Property Right in Employment

11. Plaintiff incorporates as if fully restated all of the allegations previously set forth herein.

VOLNITZEK & ROWEKAMP, P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

12. That methods used to terminate Plaintiff Reeves's employment by the Defendants, the City of Georgetown and Mayor Varney, Individually, was an arbitrary and malicious abuse of power, thereby violating Plaintiff's substantive right to due process of law as secured by the Fourteenth Amendment to the Constitution of the United States and constituted a violation of 42 U.S.C. § 1983.

13. Plaintiff Reeves maintained a property interest in his employment, as a City of Georgetown Ordinance required that he could only be terminated "for cause" by the City Council.

14. As a direct and proximate result of Defendants' conduct described herein, Plaintiff has been damaged and is entitled to injunctive relief and compensation.

## COUNT II
### (Breach of Employment Contract)

15. Plaintiff incorporates as if fully restated all of the allegations previously set forth herein.

16 Plaintiff was notified that he was terminated on February 2, 2012, via a letter from the Human Resource Director dated February 3, 2012.

17. The City of Georgetown has adopted an Ordinance that requires termination of the police chief "for cause" only and states that a police chief can only be removed by City Council.

18. The City of Georgetown failed to notify Plaintiff Reeves of any "cause" for his termination and failed to offer Plaintiff Reeves a pre-termination hearing prior to his termination on February 2, 2012.

WOLNITZEK &
ROWEKAMP,
P.S.C.
ATTORNEYS AT LAW
LAW OFFICES

19. The termination of Plaintiff Reeves at the direction of the Mayor was in violation of Georgetown City Ordinance and therefore, in breach of Plaintiff Reeves' contract for employment with the City.

WHEREFORE, the Plaintiff, Greg Reeves, respectfully prays and demands on all counts as follows:

    A.    For reinstatement with full back pay and benefits;

    B.    For compensatory damages in the amount to be determined by the trier of fact;

    C.    For punitive damages, in an amount to be determined by the trier of fact, to compensate the Plaintiff for the deprivation of his rights, privileges, liberties and immunities secured by 42 U.S.C. § 1983, the First and Fourteenth Amendments to the Constitution of the United States and for the intentional acts of the individual Defendants;

    D.    For the Plaintiff's costs herein expended, including reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

    F.    For trial by jury; and

    E.    For any and all other just and proper relief to which the Plaintiff may appears entitled.

Respectfully submitted,

WOLNITZEK & ROWEKAMP, P.S.C.

BY: _____
STEPHEN D. WOLNITZEK (#78464)
SHANE C. SIDEBOTTOM (#89046)
502 Greenup Street
Covington, Kentucky 41012-0352
859-491-4444

WOLNITZEK & ROWEKAMP, P.S.C. ATTORNEYS AT LAW LAW OFFICES

## VERIFICATION

Comes now, Greg Reeves, and after having been first duly cautioned and sworn, states that he has read the foregoing Complaint and Jury Demand, and that the facts contained therein are true and correct to the best of his knowledge and belief.

_____
GREG REEVES

STATE OF KENTUCKY )
)
COUNTY OF Scott )

Subscribed and sworn to before me, a Notary Public, by Greg Reeves, this 27 day of March, 2012.

Barbara Moore
_____
NOTARY PUBLIC
MY COMMISSION EXPIRES: 4-13-13

5