UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 12-126-JBC

GREG REEVES,                                                                                          PLAINTIFF,

V.                              MEMORANDUM OPINION & ORDER

CITY OF GEORGETOWN, et al.,                                                              DEFENDANTS.

* * * * * * * * *

Pending before the court are the defendants' motion to dismiss, R.5, and the plaintiff's motion to disqualify, R.9. For the following reasons, the court will grant the former and deny the latter.

I. Background

Greg Reeves filed this action after being removed on February 2, 2012, from his position as police chief of the City of Georgetown, Kentucky, a position he had held since March 2004. Reeves alleges violations of federal due process and breach of employment contract by the defendants, City of Georgetown, Kentucky, and Everette Varney, Mayor of the City of Georgetown, Kentucky. He claims that the defendants terminated him without cause in violation of a city ordinance that permitted removal of the police chief only for cause. The defendants deny these allegations and move to dismiss on the basis that the ordinance relied upon by Reeves is not controlling and, rather, has been rendered moot or void by other statutory and local authority that provides for at-will removal of police chiefs.

1

Reeves has also moved to disqualify defense counsel, Sturgill, Turner, Barker & Moloney, PLLC ("STBM"), on the basis that STBM represents him in a separate, ongoing state court lawsuit, which allegedly constitutes a conflict of interest and an ethical violation. He argues that STBM's representation of him in his official capacity as chief of police of the City of Georgetown as a defendant in the state court action, *Michael S. Marcum v. City of Georgetown*, simultaneous with its representation of the defendants in this matter violates several Kentucky Supreme Court Rules of Professional Conduct and constitutes grounds for disqualification.

## II. Analysis

The court will grant the defendants' motion to dismiss because Reeves's complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). As grounds for both of his claims, Reeves cites Georgetown City Ordinance Chapter 2, Article V, Division 3, Section 2-147, which states that the police chief "is appointed by the Mayor with approval of the city council and is subject to removal at any time for cause by the city council." Reeves alleges that his removal from his position of chief of police by the mayor violated Section 2-147 and resulted in a due process violation and a breach of his employment contract. However, because Section 2-147 is rendered void by KRS § 83A.020, Reeves's claims cannot succeed.

KRS § 83A.130 sets forth the powers and duties of the mayor and the city council of a city declared to be under the mayor-council plan. Georgetown, Kentucky, is a city operating under the mayor-council plan as a city of the fourth

class. KRS § 81.010. Under the mayor-council plan, the executive authority of the city is "vested in and exercised by the mayor," and the legislative authority of the city is "vested in and exercised by the elected council of the city." KRS § 83A.130 (3) & (11). Included in the mayor's executive authority is the "power to appoint and remove all city employees, including police officers." KRS § 83A.130 (9). Though the mayor's removal power may be limited by "tenure and terms of employment [that] are protected by statute, ordinance or contract," the city council is restricted from performing "any executive functions except those functions assigned to it by statute." KRS § 83A.130 (9) & (11).

Section 2-147 assigns the power to remove police officers, including the chief of police, to the city council at any time for cause and, therefore, conflicts with KRS § 83A.130. It does not limit the mayor's removal power as permitted by KRS § 83A.130 (9), but rather, it transfers the removal power to the city council. Because the city council is permitted to perform executive functions only when those functions are "assigned to it by statute," Section 2-147 conflicts with KRS § 83A.130 (11) and is void under KRS § 83A.020. *See* KRS § 82.082 (2) (stating that "[a] power or function is in conflict with a statute if it is expressly prohibited by a statute or there is a comprehensive scheme of legislation on the same general subject"); *see also Williams v. London Util. Comm'n*, 375 F.3d 424, 428 (6th Cir.2004)(stating that "section 83A.020 provides that all ordinances which conflict with the Home Rule Statutes [including KRS § 83A.130] are void").

Reeves bases both of his claims upon an alleged violation of Section 2-147. First, he claims that the defendants violated his Fourteenth Amendment substantive right to due process under 42 U.S.C. § 1983 by using methods of termination that were "an arbitrary and malicious abuse of power." "The Fourteenth Amendment's Due Process Clause protects life, liberty, and property." *Charles v. Baesler*, 910 F.2d 1349, 1352 (6th Cir. 1990). Reeves alleges that he had a protected property interest in his employment that arose out of the "for cause" employment termination clause in Section 2-147. Because Section 2-147 is void and Reeves cites no other authority as grounds that his employment could be terminated only for cause, his claim fails. "[A]n employee-at-will[] has no property interest in his employment and can be fired for any reason or no reason at all (except for a discriminatory reason)." *Williams*, 375 F.3d at 428 (6th Cir. 2004). Also, even if Reeves's employment could have been terminated only for cause, a "statutory right to be discharged only for cause is not a fundamental interest protected by substantive due process." *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1351 (6th Cir. 1992) (citations omitted).

Second, Reeves claims that the defendants breached his contract of employment with the City of Georgetown because his termination violated Section 2-147. Because Section 2-147 is void, it cannot serve as the basis for a breach-of-contract claim. Reeves offers no other grounds for his breach-of-contract claim besides the ordinance, including no written or oral employment contract and no statutory authority. Further, "a municipality may not enter into a contract by

4

implication." *City of Greenup v. PSC*, 182 S.W.3d 535, 540-541 (Ky. App. 2005). Thus, Reeves's claim for breach of contract cannot succeed because no valid "for cause" employment contract is cited.

The court will deny Reeves's motion to disqualify STBM for alleged violations of Kentucky Supreme Court Rules §3.130 (1.7) & (1.8) conflict of interest, (1.6) confidentiality of information, (1.4) communication, (1.10) imputation of conflicts of interest, and (4.2) communication with person represented by counsel. First, despite STBM's representation of Reeves in his official capacity in the *Marcum* case, Reeves has not shown an actual conflict of interest.  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Reeves is represented individually by separate counsel in the *Marcum* case.  Thus, in essence, STBM represents the City of Georgetown through its representation of Reeves in his official capacity.

The notes to SCR §3.130 (1.7) contemplate an analogous situation in which a lawyer represents a corporation or organization in one matter and a constituent to the organization in an adverse unrelated matter.  In that instance, a lawyer is not barred from such representation "unless . . . the affiliate should also be considered a client of the lawyer, there is an understanding between the lawyer and organizational client that the lawyer will avoid [such] representation . . ., or the lawyer's obligations to either the organizational client or the new client are likely to limit materially the lawyer's representation of the other client." SCR 3.130 (1.7)

5

(34). Reeves has not shown that STBM is barred from representing the defendants under any one of these theories.

Second, because this action is being resolved on a matter of statutory interpretation, a party's interpretation of an ordinance – or alleged communications with counsel regarding such interpretation – is not relevant to the court's holding. Reeves states that the *Marcum* case is an employment case similar to the present action, and he attests that he had communications with attorneys at STBM related to his employment and the protection he had under Section 2-147.  The court need not explore this issue in light of its finding that Section 2-147 is void, but even so, there is no evidence from the record that STBM has "reveal[ed] information relating to the representation of a client," *see* SCR 3.130 (1.6), or that STBM's ability to "keep [its] client[s] reasonably informed, "consult with [its] client[s] about the means by which the client's objectives are to be accomplished," or "promptly inform [its] client[s] of any decision or circumstance with respect to which the client's informed consent . . . is required" has been compromised. *See* SCR 3.130 (1.4).  Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss, R.5, is **GRANTED**. This case is **CLOSED** and **STRICKEN** from the court's active docket.

**IT IS FURTHER ORDERED** that the plaintiff's motion to disqualify, R.9, is **DENIED**.

Signed on September 10, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY